# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN IN THE SOUTHERN DIVISION

HOWARD T. LINDEN, as Personal
Representative of the Estate of
RAYNARD BURTON, deceased,

    Plaintiff,

v

CITY OF DETROIT, a municipal entity,
and OFFICER JEROLD BLANDING,
in his individual and official capacity,

    Defendants.

Case No.  19 -
Hon.

_____

GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiffs
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
d.dworetsky@fiegerlaw.com
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, HOWARD T. LINDEN as Personal Representative of the Estate of RAYNARD BURTON, deceased, by and through his attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and for his Complaint and Jury Demand against the above-named Defendants, states as follows:

## JURISDICTION

1. This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments to the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988, and under the statutes and Model Penal Code of the State of Michigan.

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3), 1343(a)(4) and 42 U.S.C § 1983. This court has supplemental jurisdiction of the Michigan law state claims which arise out of the nucleus of operative facts common to Plaintiff's federal claims pursuant to 28 U.S.C. §1367.

3. The amount in controversy exceeds seventy-five thousand dollars, excluding interests, costs, and attorney fees.

## VENUE

4. Venue lies in the Eastern District of Michigan pursuant to 28 U.S.C § 1391(d), the events took place in the City of Detroit, County of Wayne, State of Michigan, which is located within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

5. At all times relevant to this lawsuit, Plaintiff, RAYNARD BURTON, was a resident of the City of Detroit, County of Wayne, State of Michigan.

6. At all times relevant hereto, Plaintiff, HOWARD T. LINDEN is the duly appointed Personal Representative of the Estate of RAYNARD BURTON deceased, and was appointed by the Wayne County Probate Court in the City of Detroit, County of Wayne, State of Michigan.

7. At all times relevant hereto, Defendant CITY OF DETROIT (hereinafter, "CITY OF DETROIT" and/or "DETROIT") was a municipal corporation, duly organized in carrying on governmental functions in the County of Wayne, State of Michigan, and one of the functions was to organize, operate, staff, train, and supervise the officers of the Detroit Police Department (hereinafter, "DPD").

8. At all times relevant hereto, Defendant OFFICER JEROLD BLANDING, was a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as an officer for the City of Detroit, Badge No. 2994, and was acting under the color and pretense of ordinance, regulations, laws and customs of the CITY OF DETROIT, and is being sued in his individual and official capacities.

9. The CITY OF DETROIT is responsible for, and does in fact, hire, train, supervise, and instruct officers of all grades in the performance of their duties.

## FACTUAL STATEMENT

10. Plaintiff hereby reincorporates and restates each and every allegation contained in the preceding paragraphs of this Complaint as if set forth herein.

11. On February 13, 2017, upon information and belief, RAYNARD BURTON was driving down Elmhurst Street in Detroit.

12. At or around 1:34 p.m. Defendant, OFFICER JEROLD BLANDING, attempted to stop the vehicle that RAYNARD BURTON was driving.

13. RAYNARD BURTON was unarmed and had no weapons in the vehicle he was driving.

14. RAYNARD BURTON, upon information and belief, continued driving and came to a stop after his vehicle struck a parked car.

15. RAYNARD BURTON, upon information and belief, exited his vehicle and ran down Elmhurst Street through an alleyway and was confronted by Defendant, OFFICER JEROLD BLANDING.

16. Defendant OFFICER JEROLD BLANDING unholstered his weapon and fired a single shot into unarmed RAYNARD BURTON's chest, striking him on the right side near his lower rib cage.

17. RAYNARD BURTON was pronounced deceased at the scene.

18. At all times relevant hereto, Defendant, OFFICER JEROLD BLANDING was acting under the color of state law as an officer employed by the Detroit Police Department, and proximately caused RAYNARD BURTON's death as set forth herein.

### COUNT I - 42 U.S.C § 1983-EXCESSIVE FORCE
### DEFENDANT OFFICER JEROLD BLANDING

19. Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

20. At all times relevant hereto, Defendant, JEROLD BLANDING was acting under the color of state law and in his capacity as a Detroit Police Officer and his acts and/or omissions were conducted within the scope of his official duties and employment.

21. Under all circumstances known to Defendant, JEROLD BLANDING, the physical force used against RAYNARD BURTON, was objectively unreasonable and clearly excessive when JEROLD BLANDING shot him at point blank range in the chest.

22. Defendant, JEROLD BLANDING violated RAYNARD BURTON's clearly established right to be free from unreasonable and excessive use of force as guaranteed by the Fourth Amendment and the Fourteenth Amendment of the United States Constitution.

23. At all times relevant hereto, and upon information and belief, Defendant, JEROLD BLANDING had RAYNARD BURTON restrained and/or not resisting, and nonetheless continued to use an unjustified amount of force against him.

24. At all times relevant hereto, RAYNARD BURTON, was unarmed and did not pose a threat to the safety of Defendant BLANDING or others.

25. The misconduct of Defendant, JEROLD BLANDING directly and proximately caused RAYNARD BURTON to suffer numerous injuries resulting in his death, including, but not limited to:

   a. Wrongful Death;
   b. Conscious Pain and suffering;
   c. Fright and shock;
   d. Anxiety;
   e. Mental anguish;
   f. Emotional distress;
   g. Humiliation and/or mortification;
   h. Economic loss;
   i. Punitive damages;
   j. Exemplary damages;
   k. Attorney's fees and costs pursuant to 42 U.S.C. §1988;
   l. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and
   m. Any other damages allowed by law;

26. The acts and/or omissions of Defendant, JEROLD BLANDING were willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights of RAYNARD BURTON. Plaintiff therefore requests an award of punitive and exemplary damages. Plaintiff has

retained private counsel to represent him in this matter and is entitled to an award of attorney fees and costs.

**WHEREFORE**, Plaintiff, HOWARD T. LINDEN as Personal Representative of the Estate of RAYNARD BURTON, deceased, respectfully requests this Honorable Court enter judgment in his favor against Defendants and in an amount in excess of seventy-five thousand dollars ($75,000) exclusive of costs, interest and attorney fees.

## COUNT II
## FAILURE TO TRAIN, INADEQUATE POLICIES and/or PROCEDURES, CUSTOMS, AND PRACTICES, AND FAILURE TO SUPERVISE DELIBERATE INDIFFERENCE DEFENDANT, CITY OF DETROIT

27. Plaintiff hereby reincorporates and restates each and every allegation contained in the preceding paragraphs of this Complaint as if set forth herein.

28. Pursuant to 42 USC § 1983, as well as the Fourth and Fourteenth Amendments to the United States Constitution, Defendant, CITY OF DETROIT owed RAYNARD BURTON certain duties to properly supervise, monitor, and train its officers to ensure they did not engage in unwilful, unlawful and dangerous behavior.

29. Defendant, CITY OF DETROIT breached these duties via its and/or absence thereof its policies, procedures, regulations, customs and/or lack of and/or

inadequate training, and thus exhibited a deliberate indifference toward RAYNARD BURTON, when the CITY OF DETROIT:

>a. Failed to staff the force with competent officers;
>
>b. Failed to train the force so that it would be staffed by competent officers;
>
>c. Failed to observe with having reason to believe that excessive force and punishment was being inflicted upon Plaintiff without a legitimate goal and/or justification, and having the opportunity and means to prevent the excessive force and punishment and/or violation of the rights of Plaintiff from occurring, and failing to act;
>
>d.  Failed to have policies, procedures, regulations, and customs in place to monitor and/or adequately supervise its officers to ensure the wellbeing of RAYNARD BURTON;
>
>e. Failed to implement and utilize an audio/visual system i.e. bodycams to adequately monitor to protect the wellbeing of RAYNARD BURTON.
>
>f. Failed to supervise its officers to ensure that its policies, regulations, procedures, and customs, are being properly executed and that specifically, RAYNARD BURTON's, constitutional rights are being protected;
>
>g. Failed to have policies, procedures, regulations and customs in place to properly train and/or discipline officers with past complaints of excessive force;
>
>h. All other breaches of duty identified in deposition testimony and/or answers to interrogatories and/or all other discovery, all of which is hereby adopted by reference; and

        i. Any and all breaches that become known through litigation.

30. As the direct and proximate result of the CITY OF DETROIT's above described breaches of duty and misconduct, RAYNARD BURTON, suffered the following serious and permanent injuries and damages:

    a. Wrongful Death;
    b. Conscious Pain and suffering;
    c. Fright and shock;
    d. Anxiety;
    e. Mental anguish;
    f. Emotional distress;
    g. Humiliation and/or mortification;
    h. Economic loss;
    i. Punitive damages;
    j. Exemplary damages;
    k. Attorney's fees and costs pursuant to 42 U.S.C. §1988;
    l. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

31. As a direct and proximate result of the conduct of Defendant CITY OF DETROIT, RAYNARD BURTON has suffered the damages as outlined previously within this Complaint.

**WHEREFORE**, Plaintiff, HOWARD T. LINDEN as Personal Representative of the Estate of RAYNARD BURTON, deceased, respectfully requests this Honorable Court enter judgment in his favor against Defendants and in an amount in excess of seventy-five thousand dollars ($75,000) exclusive of costs, interest and attorney fees.

        Respectfully submitted,

        ***FIEGER, FIEGER, KENNEY***
         ***& HARRINGTON, P.C.***

        By: /s/ David A. Dworetsky
        GEOFFREY N. FIEGER (P30441)
        DAVID A. DWORETSKY (P67026)
        Attorneys for Plaintiff
        19390 West Ten Mile Road
        Southfield, Michigan 48075
        (248) 355-5555
        d.dworetsky@fiegerlaw.com

Dated: December 16, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN IN THE SOUTHERN DIVISION

HOWARD T. LINDEN, as Personal
Representative of the Estate of
RAYNARD BURTON,

    Plaintiff,

v

CITY OF DETROIT, a municipal entity,
and OFFICER JEROLD BLANDING,
in his individual and official capacity,

    Defendants.

Case No. 19 -
Hon.

_____

GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiffs
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
d.dworetsky@fiegerlaw.com
_____

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, HOWARD T. LINDEN, as Personal Representative of the Estate of RAYNARD BURTON, by and through his attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and hereby demands a trial by jury in the above-captioned matter.

          Respectfully submitted,

          /s/ David A. Dworetsky
          GEOFFREY N. FIEGER (P30441)
          DAVID A. DWORETSKY (P67026)
          ***Fieger, Fieger, Kenney & Harrington, P.C.***
          Attorneys for Plaintiffs
          19390 W. Ten Mile Rd.
          Southfield, MI 48075
          (248) 355-5555
          d.dworetsky@fiegerlaw.com

Dated: December 16, 2019